IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CETERY LAMAR WEEMS, <br><br> Plaintiff, <br><br> v. <br><br> CO SMOKES, CO ODUM, TOOL, and SHEPARD, <br><br> Defendants. | CIVIL ACTION NO.: 5:23-cv-3 |

**O R D E R**

Plaintiff filed this action, as amended, asserting claims under 42 U.S.C. § 1983. Docs. 1, 11. I have screened Plaintiff's claims in accordance with 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS** Plaintiff's Amended Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is a convicted and sentenced state prisoner housed at Ware State Prison in Waycross, Georgia. Doc. 11 at 1–4. Plaintiff states, "I fear dying in prison from gang violence." Id. at 5. Plaintiff alleges "the gangs members seem to be working with Admin. like a team" to target sex offenders. Id. Plaintiff implies he is a sex offender and has been targeted. Plaintiff

---

[1]    Plaintiff has consented to the undersigned's plenary review. Docs. 14, 15.

[2]    All allegations set forth here are taken from Plaintiff's Amended Complaint. Doc. 11. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

alleges he has had knives drawn on him. Id. Plaintiff alleges officials "have lost control of the prison." Id. at 14. Plaintiff lists various problems with prison conditions, including inadequate staffing, safety, cleanliness, food, access to the law library, telephones, grievance procedures, heating, and haircuts. Id. at 14–15.

## DISCUSSION

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

I.     **Failure to State a Claim**

Plaintiff names CO Smokes, CO Odum, Tool, and Shepard as Defendants but makes no factual allegations against them. As to Defendants Tool and Shepard, Plaintiff only includes them in the caption and in his list of Defendants. Doc. 11 at 1–3. As to Defendant Odum, Plaintiff alleges only "Mr. Odum is responsible for managing Ware State Prison also, him implementing GDC rules and regulation by policies with offenders, officers, and staff." Id. at 14. As to Defendant Smokes, Plaintiff alleges only "Mr. Smokes was Warden of Security at Ware State." Id.

Plaintiff generally describes a prison environment where he fears violence from other inmates. Plaintiff does not allege he has been injured or attacked, only that he fears the possibility of violence. Plaintiff alleges generally gang-member inmates are responsible for violent incidents, and he speculates some inmates may be working with some prison officials. But—importantly—Plaintiff does not explain how any of the Defendants in this suit were involved in any violations of Plaintiff's constitutional rights. Instead, Plaintiff merely alleges these Defendants serve in roles that relate to the administration of the facility where Plaintiff is housed. Plaintiff's allegations are insufficient to state a claim against these Defendants. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Plaintiff's claims against these named Defendants shall be dismissed.

To the extent Plaintiff seeks to hold Defendants liable for the acts of their subordinates without alleging any personal involvement, his claim also fails.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted).  To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendants participated in the events forming the basis of any of Plaintiff's claims.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights."  Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v.

4

Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants.  Accordingly, I **DISMISS** Plaintiff's claims against Defendants.[3]

## II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3]     Although I dismiss Plaintiff's Amended Complaint for failure to state a claim, I also find Plaintiff failed to fully disclose his litigation history, which would provide an alternative basis for dismissal.  The Complaint form asks Plaintiff directly, "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?"  Doc. 11 at 9–10.  Plaintiff responded, "No."  Id. at 10.  However, Plaintiff's litigation history reveals he brought another lawsuit relating to his conditions of confinement prior to filing this case: Weems v. Wicker, No. 5:21-cv-1 (S.D. Ga. Mar. 10, 2021) (complaining about being confined in segregation).

Based on the above analysis of Plaintiff's failure to follow this Court's Order and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's Amended Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED** this 30th day of October, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA